**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

UNITED STATES OF AMERICA

v.                                                              CRIMINAL NO. 4:05cr90

SHAWNTE PALA BROOKS,

       Defendant.

<u>ORDER</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on February 8, 2006, on the United States Government's Motion to Detain the defendant.  The Court FINDS that the following facts mandate the defendant's detention pending his trial.

On November 16, 2005, a federal grand jury issued an indictment charging the defendant with:  one count of possession with intent to distribute cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B); one count of possession with intent to distribute cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C); one count of possession of marihuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 844; and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1).  The defendant having been indicted, a presumption in favor of detention applies in this case because one or more of the charged offenses involves a violation of

the Controlled Substances Act, 21 U.S.C. §§ 801-864, with a maximum prison term of more than ten years.  See 18 U.S.C. § 3142(e).

Both the Government and defendant, by counsel, proceeded by proffer of evidence and offered argument.  The Court, having taken into consideration the proffers of counsel, the pretrial services report, the grand jury indictment of November 16, 2005, and the statutory presumption in favor of detention,[1] FINDS by clear and convincing evidence that the defendant is a danger to the community and FINDS by a preponderance of the evidence that he represents a risk of flight.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community and the defendant's appearance for future proceedings.

The Court considered the nature and seriousness of the charges faced by the defendant.  If convicted on evidence beyond a reasonable doubt at trial, the defendant faces imprisonment of up to forty years for Count 1, twenty years for Count 2, and ten years for Count 4, and fines in excess of three million dollars on the various drug charges,[2] which the Court deems serious.

---

[1] The Court notes that the defendant did proffer evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether the defendant should be detained. United States v. Dillon, 938 F. 2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight").

[2] The defendant, if convicted, is also subject to criminal forfeiture pursuant to 21 U.S.C. § 853.

The weight of the evidence against the defendant is strong. The Government has proffered evidence that defendant was arrested on July 20, 2005 in Newport News, Virginia. At that time, he was in possession of a cereal box containing approximately 53.8 grams of cocaine, which he attempted to sell to an undercover government informant; when the defendant saw police, he attempted to evade police in his car, in which his two children (ages four and six) were sitting at the time; while attempting to flee police, the defendant threw the cereal box of cocaine and a loaded forty-five caliber pistol out of the car; the defendant subsequently wrecked his car and was arrested. A search of the defendant's car incident to his arrest revealed 9.1 grams of cocaine base (also known as "crack") and 0.6 grams of marijuana. An adult passenger in the car (who claimed to be babysitting the two children at the time) told police that the defendant had been selling cocaine and that the gun belonged to the defendant. The defendant countered that the gun belonged to his girlfriend and that he had been unaware of its presence in the car. However, the Court notes that someone in the car had the presence of mind to dispose of the gun while the defendant was fleeing police, a fact which casts doubt on the defendant's denial of knowledge of the gun's presence.

The Court next considered the personal history and characteristics of the defendant. The defendant does have ties to this community, apparently having lived in the area for many years,

but information about his residence is conflicting.  Defense counsel represented to the Court that the defendant had lived in Newport News for eleven years and had lived at the same address for eight years with his girlfriend and their two children.  According to the Pretrial Services Report, however, Brooks, his girlfriend, and their children have lived at various addresses in Newport News and Hampton over the past eight years.  This conflicting information suggests instability in his living situation.  He has no family in the area other than his two children.  Currently, he has no income, no assets, and no liabilities.  Defendant was employed in Newport News from March 2005 until his arrest in July 2005.  Although the defendant alleged that this job was being held for him while in custody, the Pretrial Services Report did not confirm this information, thus the Court notes that his employment prospects are weak.

The Court notes the defendant's criminal history, which includes one felony conviction for possession of cocaine and multiple misdemeanors.  The defendant's record also includes other drug-related offenses, which were nolle prossed in state court, but which reflect encounters with law enforcement personnel.

The Court considers the defendant to pose a danger to the community due to his apparent involvement in the sale and distribution of drugs.  The Court notes that the cost of having to defend against the charges facing him provides the defendant with

an incentive to continue dealing drugs if released. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of the charges, the potential for pretrial recidivism exists in accused drug dealers).

The Court also considers the defendant to be a risk of flight despite his ties to the community. Without suggesting a finding as to guilt or innocence, the Court notes that the Government has proffered detailed evidence of the crimes alleged. If convicted at trial upon evidence beyond a reasonable doubt, the defendant faces long sentences in prison and a substantial fine on the significant drug charges. The Court further notes that after the alleged commission of the instant crimes, the defendant attempted to elude police with his two children still in the vehicle, causing police to chase him. When combined with the weight of the evidence, the penalties faced by the defendant provide him with an incentive to flee if released. Accordingly, the Court concludes that the defendant poses a risk of flight.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that the defendant represents a danger to the community and FINDS by a preponderance of the evidence that he represents a risk of flight. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant. Given the substantial penalties the defendant

5

faces, the Court doubts that even the most severe terms and conditions could secure his future appearance. The Court also doubts that the community could be adequately protected given the extent of the defendant's apparent involvement in the drug trade.

The Court, therefore, ORDERS the defendant DETAINED pending his trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i)

the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

/s/
F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

February 8, 2006